**Djoko VUKELJ, a/k/a Faik Selmani, Petitioner,**

v.

**Edward J. MCELROY, District Director of the United States Immigration and Naturalization Service, Kevin D. Rooney, Director of the Executive Office for Immigration Review, Paul W. Schmidt, Chairman of the Board of Immigration Appeals, Respondents.**

Docket No. 01–4105.

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Vlad Kuzmin, Wilson, Joshi & Kuzmin, LLP, New York, NY, for Petitioner–Appellant.

Michael R. Holden, Assistant United States Attorney, Southern District of New York (Kathy R. Marks, Gideon A. Schor, Assistant United States Attorneys, Southern District of New York, on the brief) for James B. Comey, United States Attorney, Southern District of New York, for Respondents–Appellees.

Present CARDAMONE, MINER and KATZMANN, Circuit Judges.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals, it is hereby

ORDERED, ADJUDGED AND DECREED that the petition is DENIED, and

the order of the Board of Immigration Appeals is **AFFIRMED.**

Djoko Vukelj ("Vukelj") petitions for review of the June 1, 2001 order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his applications for asylum in the United States, withholding of deportation, and his application for relief under the Convention Against Torture.

Vukelj, who claims to be an Albanian from Montenegro, arrived in the United States on April 14, 2000. He was found to be inadmissible and was referred to an immigration judge for asylum review based on his claim that he feared imprisonment for refusing to serve in the Yugoslav military. Before the immigration judge, Vukelj testified that his brother had left Yugoslavia in 1993 to evade the draft. Vukelj was summoned in 1997 for a military medical examination. In November 1998, Vukelj began receiving draft notices, which his father helped him avoid by telling the mailman that Vukelj was away from home. Vukelj claimed he would be in danger if he served in the military because he was Albanian. He also described an incident where an officer pushed him and said that there was no place for Albanians in Montenegro. After the fifth draft notice arrived in February 2000, his father told the mailman that Vukelj would report for duty. Vukelj then left Montenegro on April 10, 2000.

The immigration judge found that Vukelj was not credible, relying upon a report submitted by the government that a birth certificate that Vukelj submitted was a probably a fabricated document, a number of inconsistencies in his case, and his general demeanor. The BIA affirmed, finding that this decision was supported by the record, although one judge dissented, arguing that even if the birth certificate was forged, Vukelj was identified by both his brother and uncle.

"We review the factual findings underlying the BIA's determination that an alien has failed to sustain his or her burden of proof to qualify for asylum or withholding of deportation under the substantial evidence standard." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). "We reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Id.*

The immigration judge's credibility determination was based largely on government reports, which said that Vukelj's birth certificate was "probably a fabricated document." Vukelj argues that the report is equivocal but submits no evidence or argument that would counter the conclusion that the birth certificate is a forgery. Vukelj also argues that the birth certificate only relates to his credibility with respect to his identity, which was corroborated by the testimony of his brother and uncle. But the credibility of those witnesses is also suspect. The birth certificate submitted by Vukelj's brother, according to government reports, was also likely a forgery. Moreover, there are numerous inconsistencies in the testimony of Vukelj's uncle. The petitioner's uncle thought that the petitioner's grandparents had come from Montenegro when the petitioner claimed that they had come from Albania. The government also notes that the uncle thought that the petitioner had fled the country by February of 2000 when the petitioner stated that he was at home until April 2000.

Even if there were enough evidence to corroborate Vukelj's identity, the fact that he submitted a forged birth certificate seriously undermines his general credibility. Furthermore, as the BIA noted, there are a number of inconsistencies in Vukelj's story that independently raise doubts about its validity. For example, the petitioner was 21 when he was first served

with a draft notice, while his brother was 17 at the time of his notice. The petitioner's brother immediately fled to the United States after receiving a notice while the petitioner went for a medical examination and waited for several years before coming to the United States. In addition, we place some weight on the fact that the immigration judge who directly observed Vukelj found that his demeanor was not credible.

There is clearly enough evidence in the record to support the immigration judge's finding that Vukelj was not credible. Therefore, we deny the petition for review, and affirm the BIA's order.